[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Thomas Kelley has brought this action seeking the imposition of a resulting trust on approximately 200 acres of land in Goshen, Connecticut. Legal title to this property was acquired by the defendant Nasef Abraham in 1968. In that year, Attorney Thomas Nall Jr. represented the seller of the real property, the estate of Joseph Abraham.
At a recent deposition, Attorney Wall refused to answer certain questions by asserting the attorney-client privilege. The plaintiff now seeks an order compelling Thomas Wall Jr. to testify as to facts and circumstances known to him or readily ascertainable by him regarding the circumstances surrounding the defendant's acquisition of legal title to the subject property.
The plaintiff's affidavit discloses that Attorney Wall represented both Mr. Abraham and Mr. Kelley at the time of the real estate transaction. Moreover, statements of Attorney Wall reveal that it is probable that his fee in the matter was paid by Mr. Kelley. When two or more people consult an attorney together on a matter of joint interest, their communications are privileged as to the outside world, but not as to each other in a later controversy between themselves. State v. Cascone, CT Page 3213195 Conn. 183, 186-87 (1985). Therefore, Attorney Wall must testify concerning all matters that are related to his joint representation of the plaintiff and the defendant in the 1968 real estate transaction. Since Mr. Wall represented both parties in the real estate transaction, he must testify as to the facts and circumstances leading up to the transaction. See Id. at 186-87.
Mr. Wall has also refused to testify concerning the identity of individuals present at recent meetings he has had with the defendant Abraham and has refused to discuss the substance of those meetings. The attorney-client privilege applies only to the content of communications and does not extend beyond that point. Trumpold v. Besch, 19 Conn. App. 22,28 (1989. Thus, the witness must respond to questions concerning the identity of people present at these recent meetings.
The deponent also refuses to discuss the content of the recent meetings with Mr. Abraham and the others. A communication made in the presence of third parties is not privileged unless those other individuals present are agents or employees of the attorney or the client and their presence is necessary to the consultation. State v. Gordon,197 Conn. 413, 424 (1985). Consequently, unless the deponent can demonstrate that the third parties were agents or employees of himself or his client and were necessary to the consultation, he must answer question involving the content of the recent meetings.
Accordingly, the motion to compel is granted.
DRANGINIS, JUDGE